People ex rel. Brown v Brann (2020 NY Slip Op 04444)





People ex rel. Brown v Brann


2020 NY Slip Op 04444


Decided on August 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-05580

[*1]The People of the State of New York, ex rel. Damien M. Brown, on behalf of Corey Lashley, petitioner, 
v
Cynthia Brann, etc., et al., respondents.


Damien M. Brown, Brooklyn, NY, petitioner pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Hannah X. Scotti, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondents.



Writ of habeas corpus in the nature of an application for bail reduction with respect to Corey Lashley upon Queens County Indictment No. 2412/2019. Application by the petitioner to amend the caption to substitute Damien M. Brown as the relator in the proceeding.
ORDERED that the application is granted and the caption is amended accordingly; and it is further,
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail on Queens County Indictment No. 2412/2019 is modified by deleting the provision which allows bail to be posted in the form of a fully secured bond in the sum of $500,000 and substituting therefor a provision which allows bail to be posted in the form of an insurance company bail bond in the sum of $500,000 on condition that if Corey Lashley posts that form of bail, then he shall wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c) and shall remain confined to his home, except for visits to his attorney, his doctors, or court, and shall not travel outside his home except for those visits, and must travel directly from his home to his attorney, his doctors, or court and directly back to his home, when conducting those visits; any violations of the condition set forth herein relating to the electronic monitoring of Corey Lashley shall be reported by the electronic monitoring service provider entity to the Office of the District Attorney of Queens County; and the application for a writ is otherwise dismissed; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that the defendant has given an insurance company bail bond in the sum of $500,000 and arranged for electronic monitoring, or has given a partially secured surety bond in the sum of $750,000, with the requirement of 10% down, or has deposited the sum of $350,000 as a cash bail alternative, the Warden of the facility at which Corey Lashley is incarcerated, or his or her agent, is directed to immediately release Corey Lashley.
CHAMBERS, J.P., COHEN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court